IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHRISTINA J MARQUIS,

     Plaintiff,

v.                                                              CASE NO. 1:10-cv-00217-MP-GRJ

MICHAEL J ASTRUE,
Commissioner of Social Security,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

     Pending before the Court is Defendant's Motion To Dismiss. (Doc. 11.)  Plaintiff

has filed a Response (Doc. 13) and with the Court's permission Defendant has filed a

Reply.  (Doc. 16.)  The matter is therefore ripe for review. For the reasons discussed

below Defendant's Motion to Dismiss is due to be granted and this case should be

dismissed for lack of subject matter jurisdiction.

## I. Procedural History

     Plaintiff filed an application for SSI disability benefits on December 11, 2006,

alleging an onset date of December 31, 1991. On July 30, 2010, the administrative law

judge (ALJ) issued an unfavorable decision denying Plaintiff's claim for disability

benefits.  (Doc. 12, Ex. 1.)  On November 2, 2010, the Decision Review Board[1]

---

[1] Because the application in this case was filed in Connecticut it was subject to the disability service improvement initiative procedures pilot program. Under this program the Decision Review Board ("DRB") was set up by the Social Security Administration as the final level of review as part of the pilot project to reduce the hearings backlog and improve the public service at the Social Security Administration. The SSA amended the rules governing the final level of the review process to make the role of the DRB more analogous to that of an appellate court reviewing the decision of a trial court. *See,* www.ssa.gov/hearingsbacklog.pdf. The applicable regulations for the pilot program are at 20 C.F.R. §§ 405.1-405.901.

remanded the case to the ALJ for a new hearing because the prior hearing tape was lost. (Doc. 12, Ex. 2.) The case is still pending before the ALJ awaiting a hearing. Plaintiff filed the complaint in this case on November 4, 2010.

## II. Discussion

The Defendant requests the Court to dismiss the complaint because Plaintiff failed to exhaust her administrative appeal remedies and therefore has not obtained a final decision from the Commissioner. According to the Defendant, under the Social Security Administration regulations adopted to implement the Disability Service Improvement Initiative ("DSI") a claimant may ask for review by a federal reviewing official. 20 C.F.R. § 405.1(b)(2). If a claimant is dissatisfied with the determination by the Federal reviewing official, the claimant may request a hearing before an Administrative Law Judge ("ALJ"). 20 C.F.R. § 405.1(b)(3). The ALJ's decision becomes the final decision unless the claim is referred to the DRB. Id. If the DRB issues a decision that decision becomes the final decision of the agency. 20 C.F.R. § 405.1(b)(4). If the DRB, however, remands a claim to the ALJ the remand order is not a final decision. 20 C.F.R. § 405.420(b)(3).[2]

That is exactly what happened in this case. Plaintiff's claim was referred to the DRB. The DRB did not issue a decision but instead on November 2, 2010 remanded the case to the ALJ for further proceedings because the recording of the hearing was not available. Consequently, the remand order by the DRB was not a final decision.

---

[2] *See*, Doc. 12, Declaration of Patrick J. Herbst, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, explaining the role and function of the DRB and when the decision of the DRB is the final decision of the Commissioner.

Indeed, the matter is currently pending before an ALJ and a further hearing has not yet been held. (Doc. 12-1, ¶3(b).)

The exclusive jurisdictional basis for judicial review of claims arising under the Social Security Act is pursuant to 42 U.S.C. § 405(g). It is well settled that 42 U.S.C. § 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." <u>Califano v. Sanders</u>, 430 U.S. 99, 108 (1977). The term "final decision" is undefined under the Social Security Act and therefore "its meaning is left to the [Commissioner] to flesh out by regulation." <u>Winberger v. Salfi</u>, 422 U.S. 749, 767 (1975). A final decision for cases, as here, subject to the DSI regulations does not occur until the DRB has issued a decision. Because the DRB did not issue a decision and instead issued an order remanding the case to the ALJ for further proceedings, Plaintiff has not obtained a final decision. Where a claimant files a complaint in federal court seeking judicial review before the claimant has received a final administrative decision the district court does not have subject matter jurisdiction to review the decision by the Agency. Therefore, because Plaintiff has not received a final decision subject to judicial review the complaint should be dismissed for lack of subject matter jurisdiction.

Plaintiff advances two arguments in opposition to the motion to dismiss. First, Plaintiff contends that the ALJ's July 30, 2010 decision became final on October 28, 2010 because the ALJ stated in his decision that the decision would become final after ninety days. Ninety-one days after July 30, 2010 is October 28, 2010. Thus, according to Plaintiff on October 28, 2010 – the ninety-first day after the ALJ's decision – the DRB lost jurisdiction and therefore the ALJ's decision was the final decision. This

argument ignores the applicable regulations which apply to calculating the ninety day time period and ignores the express wording of the ALJ's Notice of Decision, which states that the ALJ's decision would become the final decision of the Agency if the DRB did not complete action on the claim "within 90 days from the date you receive this notice." (Doc. 12-1, p.4.)[3]

The regulations define "date you receive notice" as "5 days after the date on the notice, unless you show us that you did not receive it within the five-day period." 20 C.F.R. § 404.901. Thus, the DRB had ninety-five days from the date of the ALJ's July 30, 2010 decision within which to act. The DRB remand order is dated November 2, 2010. (Doc. 12-1, p.4.) Because November 2, 2010 is ninety-five days from July 30, 2010 the DRB acted within the required period of time and, therefore, Plaintiff's argument that the DRB lost jurisdiction on October 28, 2010 fails.

Alternatively, Plaintiff argues that in the interest of judicial efficiency the Court should convert the Motion to Dismiss to a Motion to Remand and issue a sentence six remand so that the Commissioner can conduct a supplemental hearing while the Court retains jurisdiction. The Court cannot do this for the simple reason that the Court does not have subject matter jurisdiction over Plaintiff's claim at his point. The administrative process is still pending. Congress determines how and when judicial review of administrative decisions may be sought. Jackson v. Astrue, 506 F.3d 1349, 1352-53

---

[3] The ALJ's Notice of Decision states in relevant part: "The Decision Review Board has selected your claim for review. Therefore, my decision is not the final decision of the Social Security Administration and cannot be appealed at this time. The Board must complete its action on your claim within 90 days from the date you receive this notice. If the Board does not act within this time, my decision will become the final decision of the Social Security Administration, and at that time you will have the right to file a civil action."

(11th Cir. 2007). Congress has spoken. Judicial review of decisions made by the Commissioner of Social Security are only authorized pursuant to 42 U.S.C. § 405(g) where the decision is a final decision. There are no exceptions for review based upon the "interest of judicial efficiency."

### III.  Recommendation

In light of the foregoing, it is respectfully **RECOMMENDED**:

That Defendant's Motion to Dismiss (Doc. 11) should be **GRANTED** and this case should be **DISMISSED** for lack of subject matter jurisdiction.

At Gainesville, Florida, this 23rd  day of March, 2011.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES


**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**